**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **KENYA MACKLIN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| **AMAZON.COM** ) | |
| **SERVICES, LLC f/k/a** ) | |
| **AMAZON.COM SERVICES** ) | |
| **INC.,** ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____/ | |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, KENYA MACKLIN ("Plaintiff" or "Macklin"), and files her Complaint against Defendant, Amazon.com Services, LLC f/k/a Amazon.com Services, Inc. ("Defendant" or "Amazon"), and in support states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA").

2. This action is to redress Defendant's unlawful employment practices against Plaintiff including Defendant's retaliation and unlawful discrimination and harassment against Plaintiff due to her disability leading to her unlawful termination.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADA.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this District.

## THE PARTIES

5. Plaintiff, Macklin, is a citizen of the United States, and was at all times material, a resident of the state of Illinois.

6. Defendant, Amazon, is a foreign for-profit corporation with its principal office in Seattle, Washington.

7. Defendant does business and Plaintiff worked for Defendant in this District.

8. Defendant is an employer as defined by all laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On or about November 30, 2020, Plaintiff dual-filed a claim with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC") against Defendant satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e) based on disability discrimination and retaliation.

11. Plaintiff's EEOC charge was filed within three hundred days after the alleged unlawful employment practices occurred.

12. On July 6, 2022, the EEOC issued to Plaintiff a Notice of Rights.

13. This complaint was filed within ninety days of the EEOC's issuance of the Dismissal and Notice of Rights.

## **FACTS**

14. Plaintiff was employed by Defendant in a full-time capacity for approximately eight months. At the time of her termination, Plaintiff held the position of Warehouse Associate.

15. Plaintiff is a disabled female.

16. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

17. At all times material, Plaintiff was able to perform the essential functions of her job with or without accommodations.

18. Plaintiffs suffers from Type 2 Diabetes, Hypertension, and Asthma as Defendant is aware.

19. Plaintiff's medical conditions place her in a high-risk category for COVID-19.

20. As a result, in April 2020, Plaintiff requested a medical leave of absence from Defendant.

21. Plaintiff was initially set to return from leave on July 31, 2020.

22. However, in late July 2020, Plaintiff's doctor advised Plaintiff that she remain on medical leave.

23. As a result, Plaintiff requested an extension of her medical leave.

24. Defendant's Leave Department provided Plaintiff with additional paperwork to complete pursuant to Plaintiff's request for an extension of leave.

25. However, Plaintiff did not receive the paperwork in the mail until August 12, 2020.

26. Upon receipt of the paperwork, Plaintiff contacted Defendant's Leave Department and asked Defendant for additional time to complete the paperwork because Plaintiff was not able to see her doctor immediately.

27. Defendant's Leave Department informed Plaintiff that it would be acceptable for Plaintiff to go beyond her allotted time to return the paperwork due to the circumstances, and Defendant's Leave Department would notify Plaintiff's Case Manager of the same.

28. However, just days later, Defendant informed Plaintiff that her employment was terminated.

29. Plaintiff appealed the termination decision, and it was still upheld.

30. Plaintiff has been damaged by Defendant's illegal conduct.

31. Plaintiff has had to retain the services of the undersigned counsel and has agree to pay said counsel reasonable attorney's fees.

## Count I:
## Disability Discrimination in Violation of the ADA

32. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-31 above.

33. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

34. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

35. Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

36. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on her disability.

4

37. Defendant intentionally discriminated against Plaintiff on the basis of her disability.

38. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

39. Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count II:
## Retaliation in Violation of the ADA

40. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-31 above.

41. Defendant retaliated against Plaintiff for engaging in protected activity when Plaintiff requested reasonable accommodations under the ADA by terminating her employment.

42. Defendant's conduct violates the ADA.

43. Defendant's discriminatory conduct in violation of the ADA has caused Plaintiff to suffer loss of pay, benefits, and prestige.

44. Defendant's actions have caused Plaintiff to suffer mental and emotional distress entitling her to compensatory damages.

45. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## Count III:
## Failure to Accommodate in Violation of the ADA

46. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-31 above.

47. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

48. Plaintiff was able to perform the essential functions of her job with or without reasonable accommodations.

49. Defendant was aware of Plaintiff's disability.

50. Defendant was aware of Plaintiff's request for accommodation.

51. Reasonable accommodations existed.

52. Defendant failed to reasonably accommodate Plaintiff's disability.

53. Defendant failed to properly engage in the interactive process to reasonably accommodate Plaintiff.

54. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

55. Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and/or punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio
Illinois Attorney Registration No. 6313431
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*